UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS A. NAVARRETTE,<br><br>         Plaintiff,<br><br> v.<br><br>CHARLES DANIELS, et al.,<br><br>         Defendants. | Case No. 2:22-cv-00990-CDS-VCF<br><br>ORDER |

   This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1-1). On July 12, 2022, the Court screened the complaint and found that it stated a colorable Eighth Amendment claim for deliberate indifference to serious medical needs. (ECF No. 5 at 10). Thus, the Court imposed a 90-day stay and entered an order assigning the parties to mediation by a court-appointed mediator. (ECF Nos. 5, 14). On October 12, 2022, the Court denied Plaintiff's motion for preliminary injunction, explaining that he had failed to show a likelihood of success on the merits of his deliberate-indifference claim. (ECF No. 21).

   Now before the Court are Plaintiff's motion for appointment of counsel (ECF No. 15) and his motion for leave to file a motion for service of summons by the U.S. Marshals (ECF No. 19).

   The Court denies the motion for appointment of counsel without prejudice. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, courts appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. Here, Plaintiff has failed to show that exceptional circumstances warrant the

appointment of counsel at this time. Plaintiff's allegations are not especially complex, and his filings in this action show that he is able to cogently articulate his claims and engage in the litigation process. In his motion, Plaintiff himself states that, although he lacks legal training, he is "literate and educated" and "able to read statutes and legal literature." (ECF No. 15 at 3). Thus, the Court denies the motion for appointment of counsel without prejudice.

Next, the Court denies Plaintiff's motion for leave to file a motion for service of summons by the U.S. Marshals. As noted above, this case has been referred to the inmate early mediation program, and the mediation is scheduled to take place on November 18, 2022. (ECF No. 14). Thus, the time to serve any defendant with a summons and copy of the complaint has not yet come. If the parties do not settle at mediation, the Court will enter an order describing how service of process should be conducted in this case.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 15) is denied without prejudice.

It is further ordered that Plaintiff's motion for leave to file a motion for service of summons by the U.S. Marshals (ECF No. 19) is denied.

DATED THIS 18th day of October 2022.

_____
UNITED STATES MAGISTRATE JUDGE